UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| KENEDY JABREY SMITH, | : | Case No. 1:24-cv-64 |
| Petitioner, | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Stephanie K. Bowman |
| HAMILTON COUNTY JUSTICE CENTER, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2241, challenging criminal charges pending against him in Hamilton County Court of Common Pleas Case No. B2305830. (*See* Doc. 1, at PageID 1-2; 5-6).

After an initial review of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 petitions under Rule 1(b), it appeared that the petition might be subject to dismissal without prejudice because it was premature and/or petitioner had not exhausted his state-court remedies prior to filing this action. The Court therefore ordered petitioner to show cause in writing within thirty days of the date of the Order why the instant action should not be dismissed without prejudice. (Doc. 3). The Court also advised petitioner that, to the extent he sought relief for allegedly unconstitutional conditions of confinement, his remedy lay in a separate civil rights action. (*Id*., at PageID 16). Petitioner was further advised that failure to respond to the Court's Order would result in the case being dismissed for want of prosecution. (*Id*., at PageID 17).

More than thirty days have now passed since the Court entered its Order to show cause, and petitioner has not responded.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's Order to show cause. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Alternatively, the Court notes that since filing the instant petition, it appears that petitioner has been convicted in state court[1] and is currently on supervised release.[2] Petitioner's § 2241 petition is therefore governed by 28 U.S.C. § 2254. *See Saulsberry v. Lee*, 937 F.3d 644, 647-48 (6th Cir. 2019). Based on a review of the Hamilton County Clerk of Court online docket records, it does not appear that petitioner has filed a timely appeal, pursued a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A), or pursued any other state collateral relief, as would be required to exhaust his administrative remedies under § 2254. *See* 28 U.S.C. § 2254(b)(1). The petition is therefore also subject to dismissal for failure to exhaust administrative remedies. *See Jayjohn v. Warden, Chillicothe Corr. Inst.,* No. 2:20-CV-2977,

---

[1] *See* Hamilton County Clerk of Court online docket records, *https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=B+2305830&submit.x=19&submit.y=20*, searched under petitioner's name and state-court Case No. B2305830. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] *See* the Ohio Department of Rehabilitation and Correction website, viewed at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A827216. Petitioner, however, has not provided an updated address to the Court. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)) (providing that a litigant has an affirmative duty to keep the Court apprised of any changes to their address).

2020 WL 4193263, at *2 (S.D. Ohio June 23, 2020), *report and recommendation adopted,* No. 2:20-CV-02977, 2020 WL 4192493 (S.D. Ohio July 21, 2020) (citing cases).

For the reasons above, it is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice.**

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

July 1, 2024 *s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
United States Magistrate Judge

3